851 A.2d 37 (2003)
370 N.J. Super. 198
In the Matter of the Civil COMMITMENT OF A.X.D. SVP-172-01.
Superior Court of New Jersey, Appellate Division.
Submitted May 26, 2004.
Decided June 18, 2004.
*38 Yvonne Smith Segars, Public Defender, for appellant (Lewis P. Sengstacke, Assistant Deputy Public Defender, of counsel and on the brief).
Peter C. Harvey, Attorney General, for respondent (Patrick DeAlmeida, Assistant Attorney General, of counsel; Kenneth B. Goodman, Deputy Attorney General, and Mary Beth Wood, Deputy Attorney General, on the brief).
Before Judges BRAITHWAITE, LISA, and S.L. REISNER.
The opinion of the court was delivered by *39 S.L. REISNER, J.A.D.
These two appeals arise from the commitment of appellant A.X.D. pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. A.X.D. did not challenge his initial commitment to the New Jersey Special Treatment Unit (STU) on October 25, 2001. However, appellant here challenges the determinations made at two successive review hearings that he should continue to be committed to the STU pursuant to the SVPA.
The trial judge issued a lengthy and detailed oral opinion on August 15, 2002 finding that although A.X.D. had made progress in substance abuse treatment, and some progress in sex offender therapy, he still refused to discuss the details of his sex offenses and could not progress in therapy until he did so. The same judge issued another oral opinion on July 29, 2003, again discussing in great detail the factual basis for her finding that A.X.D. was still highly likely to re-offend if released.
On this appeal, A.X.D. raises the following issues:
I. THE COURT BELOW COMMITTED REVERSIBLE ERROR IN ADMITTING INTO EVIDENCE AND RELYING UPON STATE'S EXHIBITS P-1 THROUGH P-5 AT THE AUGUST 15, 2002 HEARING AND IN ADMITTING STATE'S EXHIBITS P-2, P-4 AND P-5 OVER OBJECTION, AT THE JULY 29, 2003 HEARING. (NOT RAISED BELOW AS TO THE AUGUST 15, 2002 HEARING).
II. A.X.D.'S DEFENSE WAS FATALLY PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL.
III. THE APPLICABLE CLEAR AND CONVINCING EVIDENCE STANDARD OF PROOF FOR COMMITMENT UNDER THE SPVA WAS NOT MET BY THE STATE HEREIN REGARDING ANY OF THE REQUIRED ELEMENTS JUSTIFYING COMMITMENT UNDER THE ACT.
Finding no merit in any of these contentions, we affirm.
Appellant's primary contention is that the trial court admitted into evidence, and relied upon, STU treatment reports which consisted of multiple levels of inadmissible hearsay, and also considered as evidence hearsay documents that contained complex diagnoses, in violation of N.J.R.E. 808. A.X.D. also objects that the experts who testified at the two hearings relied on these documents and that no proof was presented at the hearings to substantiate the facts on which the testifying experts based their opinions (for example, the predicate offenses they assume A.X.D. committed). Since A.X.D.'s refusal to discuss or admit the facts of the underlying offenses was the prime basis for his continued commitment, his counsel contends that the State should have been required to prove the facts of the offenses at the hearing. He also argues that A.X.D. received ineffective assistance of counsel because his attorney did not object to these documents at the August 15, 2002 hearing and did not insist that A.X.D.'s treating therapists testify at the hearing instead of doctors who merely reviewed records and conducted brief interviews with A.X.D.
We find no merit in any of these contentions. A.X.D. was convicted or pled guilty to all of the underlying offenses, which included sexually assaulting three boys, ages nine, ten and twelve years old. All of the victims were strangers whom he either abducted by force or lured into deserted areas. He sodomized one of the victims and attempted to sodomize another victim. The testifying experts and the *40 trial judge properly considered the facts surrounding these offenses. N.J.R.E. 803(c)(22). In re Civil Commitment of J.H.M., 367 N.J.Super. 599, 613, 845 A.2d 139, 147 (App.Div.2003), certif. denied, 179 N.J. 312, 845 A.2d 137 (2004).
Further, we find no error in the manner in which the trial judge and the testifying experts used the STU treatment reports. The experts testified that these documents were the types of information that they would ordinarily rely upon to assist them in reaching a diagnosis. See, N.J.R.E. 703; J.H.M., supra, 367 N.J.Super. at 612, 845 A.2d at 146. Three of the four experts also interviewed A.X.D.; they did not base their opinions solely on the records. The trial judge was entitled to consider the records in the course of weighing the credibility of the testifying experts. State v. Vandeweaghe, 351 N.J.Super. 467, 480, 799 A.2d 1, 8-9 (App.Div.2002), aff'd, 177 N.J. 229, 827 A.2d 1028 (2003).
In significant aspects, the reports themselves were admissible for their truth under applicable exceptions to the hearsay rule. See, N.J.R.E. 805. The reports of the STU treatment teams were business records, admissible under N.J.R.E. 803(c)(6), which could be considered for their truth insofar as they factually reported A.X.D.'s statements or refusals to discuss certain issues. A.X.D.'s statements made to the treatment team (including his refusal to discuss certain important issues) were admissible as statements of a party. N.J.R.E. 803(b)(1). A.X.D. did not testify at the review hearings and did not offer any other evidence to place the factual accuracy of the reports in question.
We agree with A.X.D. that it would have been improper for the trial judge to have considered for their truth any complex diagnoses that may have been contained in these reports, to the extent those diagnoses were contested. N.J.R.E. 808; see, Nowacki v. Cmty. Med. Ctr., 279 N.J.Super. 276, 281-83, 652 A.2d 758, 761-62 (App.Div.), certif. denied, 141 N.J. 95, 660 A.2d 1194 (1995); Liptak v. Rite Aid, Inc., 289 N.J.Super. 199, 219-22, 673 A.2d 309, 319-21 (App.Div.1996). However, we do not find that the trial judge used the reports in this prohibited manner. Rather she considered them as background in evaluating the opinions of the testifying experts, who testified that they considered these reports in reaching their own diagnoses of A.X.D. While the trial judge might have made this clearer by acknowledging the applicability of N.J.R.E. 808 and explicitly stating that she was not considering any included diagnoses for their truth, her failure to do so was not harmful error. This was a bench trial, not a jury trial; hence, the possible prejudicial impact of complex diagnoses included in medical records was of less concern. J.H.M., supra, 367 N.J.Super. at 613, 845 A.2d at 147.
Since A.X.D.'s claim of ineffective assistance of counsel is based on his attorney's failure to object to the admission in evidence of documents we have held were properly considered by the court, we reject his ineffective assistance claim.
Finally we conclude in light of the trial record that there was clear and convincing evidence on which to conclude that A.X.D. continued to present a high likelihood of engaging in sexually violent acts in the future if released. In re Commitment of W.Z., 173 N.J. 109, 133-34, 801 A.2d 205, 218-19 (2002).
Affirmed.