852 A.2d 1107

IN THE MATTER OF THE CIVIL COMMITMENT OF J.S.W.

Superior Court of New Jersey
Appellate Division

Argued June 2, 2004—Decided July 16, 2004.

218

Before Judges CIANCIA, PARKER and R.B. COLEMAN.

*Joan D. Van Pelt* argued the cause for appellant, J.S.W. (*Yvonne Smith Segars*, Public Defender, attorney for appellant; *Ms. Van Pelt*, on the brief).

*Michael J. Duffy* argued the cause for respondent, State of New Jersey (*Peter C. Harvey*, Attorney General of New Jersey, attorney for respondent; *Patrick DeAlmeida*, Deputy Attorney General, of counsel; *Mr. Duffy and Mary Beth Woods*, Deputy Attorneys General, on the brief).

The opinion of the court was delivered by

PARKER, J.A.D.

In these consolidated appeals, J.S.W. seeks review of his initial civil commitment under the Sexually Violent Predator Act (SVPA), *N.J.S.A.* 30:4–27.24 to –27.38, and his continued commitment after his first review hearing. We affirm both.

J.S.W. was initially committed on October 2, 2001, after a final hearing. He appealed but then moved for a limited remand to permit the trial court to reconsider its decision in light of the

Supreme Court's ruling in *In re Commitment of W.Z.*, 173 *N.J.* 109, 801 *A.2d* 205 (2002). The motion was granted. On remand, the trial court determined that the State met the clear and convincing standard of proof articulated in *W.Z.* and, without taking further testimony, reiterated its earlier decision in a revised judgment entered on September 30, 2002.

The limited remand and first review were both heard on September 24, 2002. An order continuing appellant's commitment was entered on that date, and he appealed the revised judgment and the continued commitment order.[1] The appeals were consolidated and he now argues:

*POINT ONE*

THE PRIOR DETERMINATION THAT J.S.W. IS NOT A COMPULSIVE SEX OFFENDER COLLATERALLY ESTOPS THE STATE FROM COMMITTING HIM UNDER THE SVPA.

*POINT TWO*

THE COURT ERRED IN RELYING ON HEARSAY CONTAINED IN EXHIBITS AND THE TESTIMONY OF EXPERT WITNESSES IN REACHING ITS DECISION.

A. Reliance on presentence reports and other hearsay documents to establish the facts of offenses.

B. Expert Evidence Relying on Hearsay in the Petition and other documents.

C. Summary.

*POINT THREE*

THE STATE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT J.S.W. WAS SUBJECT TO COMMITMENT AS A SEXUALLY VIOLENT PREDATOR.

*POINT FOUR*

THE COURT ERRED IN RECONSIDERING THE CASE UNDER THE W.Z. STANDARD WITHOUT ADDITIONAL TESTIMONY FROM THE EXPERT WITNESSES

---

[1] On the facts presented here, we will consider both the initial commitment and the review, notwithstanding footnote 1 in *I/M/O the Commitment of J.J.F.*, 365 *N.J.Super.* 486, 499, fn. 1, 839 *A.2d* 922 (App.Div.2004) in which we indicated the appeal of an initial judgment of commitment may be moot upon appeal of the review hearing.

I

J.S.W. presents a novel argument in his contention that the State is collaterally estopped from committing him under the SVPA because in 1996, an evaluation by the Adult Treatment and Diagnostic Center (ADTC) in conjunction with his last sentencing, found him "not eligible for sentencing under the purview of the New Jersey Sex Offender Act." Specifically, he argues that the trial "court's decision to commit J.S.W. under the SVPA was premised on a finding that he is compulsive—i.e., that he lacks volitional control." Appellant maintains that the trial court's decision contradicts the 1996 ADTC evaluation because the trial court stated:

> I find that this is a sexually violent predator who suffers from an abnormal mental condition and personality disorders, which diminish his volitional, emotional and cognitive capacities in such a way as to predispose him to commit sexually violent acts, and I find that more likely [than] not within the foreseeable future he will commit such violent sexual acts, unless confined here for continued care and treatment.

The doctrine of collateral estoppel "bars relitigation of any issue actually determined in a prior action generally between the same parties ... involving a different claim or cause of action." *N.J. Mfrs. Ins. Co. v. Brower*, 161 *N.J.Super.* 293, 297, 391 *A.2d* 923 (App.Div.1978). The issue presented in the later action must be identical to the issue decided in the earlier action. *Hernandez v. Region Nine Housing Corp.*, 146 *N.J.* 645, 659, 684 *A.2d* 1385 (1996). The party seeking to assert the doctrine must establish that

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [*Selective Ins. Co. v. McAllister*, 327 *N.J.Super.* 168, 173–74, 742 *A.2d* 1007 (App.Div.), *certif. denied*, 164 *N.J.* 188, 752 *A.2d* 1290 (2000) (quoting *In re Estate of Dawson*, 136 *N.J.* 1, 20, 641 *A.2d* 1026 (1994)) (citations omitted.) ]

We reject appellant's argument on the grounds that the issues presented in the 1996 ADTC evaluation were substantially differ-

ent from those in the civil commitment proceeding; there was no litigation or final determination on the merits of the ADTC report; and the substance of the ADTC report actually supports appellant's initial and continued commitment.

The 1996 ADTC evaluation was done for purposes of sentencing under the Sex Offender Act, *N.J.S.A.* 2C:47–3, and the civil commitment was pursuant to the SVPA. Each of the statutes employs different definitions and has different criteria for their application. Under the sentencing provision, a sex offender whose "conduct was characterized by a pattern of repetitive, compulsive behavior *and* ... the offender is amenable to sex offender treatment *and* is willing to participate in such treatment" may be sentenced to the ADTC after evaluation and recommendation by the Department of Corrections. *N.J.S.A.* 2C:47–3b (emphasis added). The SVPA, on the other hand, provides for the civil commitment of

> a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, *and* suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.
>
> [*N.J.S.A.* 30:4–27.26 (emphasis added).]

For sentencing purposes, a defendant must acknowledge his sexually offensive conduct in order to be amenable to treatment *and* must accept his need for treatment *and* must be willing to participate in treatment. For civil commitment purposes, a person convicted of a sexually violent offense must be found to suffer "from a mental abnormality or personality disorder" that puts him at risk to commit further acts of sexual violence if not confined. Admissions, amenability to treatment or "sexual compulsion" are not required for civil commitment under the SVPA. *W.Z. supra,* 173 *N.J.* at 129, 801 *A.*2d 205. Rather, "[t]he focus of the SVPA is on the subject's current mental condition and the present danger to the public." *In re Commitment of P.C.,* 349 *N.J.Super.* 569, 582, 794 *A.*2d 211 (App.Div.2002).

██ An ADTC evaluation done for purposes of sentencing a sex offender is not typically litigated or adjudicated. While a defendant is entitled to a hearing to challenge an ADTC recommendation that he be sentenced under the Sex Offender Act (Act), *State v. Howard*, 110 *N.J.* 113, 121–128, 539 *A.*2d 1203 (1988), the State has no basis for challenging a report that finds a defendant ineligible for sentencing under the Act.

The substance of the 1996 ADTC evaluation is significant in light of the civil commitment proceedings. The ADTC report highlighted the very same factors that led to appellant's commitment, that is, his inability to acknowledge that his behavior was criminal, his belief that he did not need treatment and his refusal to accept treatment. The ADTC report stated:

> This case presents diagnostic difficulties. Although it is clear that [J.S.W.'s] criminal behavior has been repetitive, less clear is the degree to which it can properly be termed compulsive.... He is a self-centered, narcissistic individual who is quite willing to exploit others for his own gratification....

> It does not appear that he is compelled by strong inner urges to engage in coercive sexual behavior. Rather, [J.S.W.] is a man who wants what he wants when he wants it.... Whatever sexual pathology may be present in [J.S.W.], it pales in comparison to the antisocial aspects of his personality.

After concluding that J.S.W. was not eligible for sentencing under the Sex Offender Act, the ADTC report cautioned:

> [I]t must be emphasized that he is quite likely to commit future acts of aggression of both a sexual and non-sexual nature. Unfortunately, he has little interest in psychotherapy and is unlikely to be a full and open participant in such a process.... [T]he prognosis is guarded.

In reviewing the Sex Offender Act and the SVPA, it becomes obvious that the issues in sentencing a sex offender are significantly different from the issues in civilly committing a sexually violent predator. In addition, there was no litigation or adjudication on the merits of the ADTC report, but the very factors that rendered appellant ineligible for sentencing under the Sex Offender Act remain and support his initial and continued commitment under the SVPA. Collateral estoppel is inapplicable.

## II

█ J.S.W. next argues that the trial court erroneously relied on hearsay—specifically two presentence reports and ADTC evaluations—contained in exhibits and expert testimony in reaching its decision. Our review of the record does not support this claim.

We have previously held that hearsay typically relied upon by expert witnesses to assist in reaching a diagnosis is admissible under *N.J.R.E.* 703. *In re Civil Commitment of J.H.M.*, 367 *N.J.Super.* 599, 612, 845 *A.*2d 139 (App.Div.2003), *certif. denied,* 179 *N.J.* 312, 845 *A.*2d 137 (2004); *In re Civil Commitment of A.X.D.*, 370 *N.J.Super.* 198, 201–02, 851 *A.*2d 37 (App.Div.2004). We have held further that a trial judge may use hearsay reports "as background in evaluating the opinions of the ... experts, who testified that they considered these reports in reaching their own diagnoses." *A.X.D., supra,* 370 *N.J.Super.* 198, 202, 851 *A.*2d 37 (App.Div.2004). We are satisfied that the trial judge used the reports in an appropriate manner.

## III

█ We are equally unpersuaded by J.S.W.'s argument that the trial court erred in reconsidering the case under the *W.Z.* standard without additional expert testimony.

On remand, the trial judge indicated that she reviewed the transcript and exhibits from the final hearing and was satisfied that "the record establishes by clear and convincing proof all of the criteria currently required." She then recited the specific evidence to support the factual findings and concluded that J.S.W. "has little or no control of his sex behavior. ... There's a difference between compulsion and not having volitional control. And that was explained by the psychiatrist in the record." Although the judge did not repeat the psychiatrist's testimony, she was "clearly convinced that [J.S.W.] has great difficulty controlling his sex behavior," and "that it is highly likely that he will re-offend."

Nothing in the remand order or in *W.Z.* required additional expert testimony. We are satisfied that the trial court properly reviewed the record of the initial hearing in light of the *W.Z.* standard and that no further expert testimony was necessary.

## IV

 Finally, we find no merit in appellant's argument that the State failed to prove by clear and convincing evidence that he is a sexually violent predator. To establish that a person is a sexually violent predator in need of civil commitment, the State must clearly and convincingly demonstrate that a person (1) has been convicted, adjudicated delinquent, found not guilty by reason of insanity or incompetent to stand trial for a specified sexually violent offense *and* (2) "suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." *N.J.S.A.* 30:4–27.26; *W.Z., supra,* 173 *N.J.* at 127, 801 *A.*2d 205.

There is no dispute that the first element has been met. Counsel for appellant acknowledged that J.S.W. had been twice convicted of sexual offenses and that, from 1989 until his current incarceration, "he led a substantially non-law abiding life."

At the initial hearing, Charles Gnassi, M.D., testified that appellant suffered from paraphilia, anti-social and narcissistic personality disorders that affected his emotional, cognitive or volitional capacity in a way that predisposed him to commit acts of sexual violence. Gnassi's diagnosis was based on his examination of J.S.W., the offense history and facts in the record. Donna Lo-Biondo, Ph.D., also testified at the initial hearing and similarly diagnosed appellant as suffering from paraphilia NOS and anti-social personality disorder. She, too, based her diagnosis on her examination of J.S.W. and the facts in the record.

At the second hearing, Stanley R. Kern, M.D., testified that a year after Gnassi's and LoBiondo's diagnoses, he found J.S.W. still to be suffering from paraphilia NOS, anti-social and narcissistic

personality disorders. He, too, recited appellant's history of sexual offenses. In addition, he had the benefit of J.S.W.'s response to treatment during the past year at the STU. He acknowledged that J.S.W.'s attendance at therapy sessions was "excellent" but noted that "he talks about [things that] do not apply to him.... And he avoids dealing with his own issues, particularly victimizing women .... sexual expression, drug dealing and criminal lifestyle, and negative feelings toward women." Kern noted further that J.S.W. did not admit to two violent rapes, but blamed both of his convictions on the victims, claiming one wanted more drugs from him and the other initially agreed to have sex and then cried rape. Kern testified that until appellant admits that his conduct was violent and criminal, he will "never be able to control his impulses." The psychiatrist further indicated that appellant still exhibits no insight into his behavior and no remorse for the crimes. He concluded, as did the two experts the year before, that appellant continued to be at risk to commit acts of sexual violence if not confined in a secure facility for control, care and treatment.

We have carefully considered the record in light of the arguments of counsel and the applicable law, and we are satisfied that the State has met its burden of proving clearly and convincingly that J.S.W. is a sexually violent predator in need of initial and continued commitment.

Affirmed.